McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Anthony Raimondo, #200387
5 River Park Place East
Fresno, California 93720-1501
Telephone:     (559) 433-1300
Facsimile:     (559) 433-2300

Attorneys for Defendant GEIL ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| CHARLES PANTALEION and JESSICA RAMIREZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>GEIL ENTERPRISES, INC. dba CIS SECURITY, a California corporation and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. 1:13-cv-01058-AWI-SAB<br><br>**ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant GEIL ENTERPRISES, INC. dba CIS SECURITY, (hereafter "GEIL"), itself, admits, denies and alleges as follows:

**LIMITED GENERAL DENIAL - ALL CAUSES OF ACTION**

Answering the allegations of Plaintiffs' Complaint for racial harassment; retaliatory termination; sexually hostile work environment; failure to accommodate an employee's disability; and wrongful termination, GEIL, pursuant to Federal Rules of Civil Procedure, Rule 8(b), denies generally and specifically, each and every allegation contained therein directed at it, and further denies that Plaintiffs have been damaged in any manner or sum, or at all, as specifically alleged or otherwise, and further denies that GEIL is indebted, obligated, or otherwise liable to Plaintiffs in any manner or sum whatsoever, except to the extent expressly admitted below.

## NATURE OF ACTION

1. In answer to Paragraph 1 of Plaintiffs' Complaint, GEIL admits that it employed Plaintiffs, and that it responded to their EEOC complaints. Defendant denies the remaining allegations in Paragraph 1 of the Complaint singularly and in their entirety.

## VENUE

2. Defendant admits that venue is proper in this District. Defendant denies the remaining allegations in Paragraph 2 of the Complaint singularly and in their entirety.

## JURISDICTION

3. Defendant admits that this court has Jurisdiction over the subject matter of the complaint. Defendant denies the remaining allegations in Paragraph 3 of the Complaint singularly and in their entirety.

## PARTIES

4. Defendant admits that it employed Charles Pantaleon as a security officer. Defendant denies the remaining allegations in Paragraph 4 of the Complaint singularly and in their entirety.

5. Defendant admits that it employs Jessica Ramirez as a security officer. Defendant denies the remaining allegations in Paragraph 5 of the Complaint singularly and in their entirety.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that at various times, it employs individuals in a variety of capacities. Defendant denies the remaining allegations in Paragraph 7 of the Complaint singularly and in their entirety.

8. Defendant's registered agent for service of process is a matter of public record and speaks for itself. Defendant denies the remaining allegations in Paragraph 8 of the Complaint, singularly and in their entirety.

## STATEMENT OF FACTS

**Facts Relating to Plaintiff Charles Pantaleion**

9. Defendant admits that it employed Charles Pantaleon as a security officer. Defendnat further admits that at various times, Plaintiff was assigned to the Merced Mall, a Foster Farms facility, and a Safeway warehouse. Defendant denies the remaining allegations in Paragraph 9 of the

1 Complaint singularly and in their entirety.

2     10.    Defendant admits that it employed Tom Willis. Defendant denies the remaining
3 allegations in Paragraph 10 of the Complaint singularly and in their entirety.

4     11.    Defendant denies the allegations in Paragraph 11 of the Complaint singularly and in
5 their entirety.

6     12.    Defendant admits that it has employed Bob Brown. Defendant denies the remaining
7 allegations in Paragraph 12 of the Complaint singularly and in their entirety.

8     13.    Defendant denies the allegations in Paragraph 13 of the Complaint singularly and in
9 their entirety.

10     14.    Defendant denies the allegations in Paragraph 14 of the Complaint singularly and in
11 their entirety

12     15.    Defendant admits that Plaintiff was instructed to make any complaints of harassment or
13 discrimination to the Human Resources Department. Defendant denies the remaining allegations in
14 Paragraph 15 of the Complaint singularly and in their entirety

15     16.    Defendant admits that Plaintiff Pantaleion was disciplined for uniform and other
16 violations during his employment. Defendant denies the remaining allegations in Paragraph 16 of the
17 Complaint singularly and in their entirety

18     17.    Defendant denies the allegations in Paragraph 16 of the Complaint singularly and in
19 their entirety.

20     18.    Defendant admits that it conducted a complete and thorough investigation of Plaintiff
21 Pantaleion's claims, and that it interviewed Employee Xang Lee. Defendant denies the remaining
22 allegations in Paragraph 18 of the Complaint singularly and in their entirety.

23     19.    Defendant lacks information and belief regarding the statements of Charles Munoz.
24 Defendant has never employed anyone by that name. Defendant denies the remaining allegations in
25 Paragraph 19 of the Complaint singularly and in their entirety.

26     20.    Defendant lacks information and belief regarding the statements of Charles Munoz.
27 Defendant has never employed anyone by that name. Defendant denies the remaining allegations in
28 Paragraph 20 of the Complaint singularly and in their entirety.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

3
ANSWER TO PLAINTIFFS' COMPLAINT

21. Defendant denies the allegations in Paragraph 21 of the Complaint singularly and in their entirety.

22. Defendant denies the allegations in Paragraph 22 of the Complaint singularly and in their entirety.

23. Defendant admits that its employees carry a device sometimes referred to as a probe. Defendant denies the remaining allegations in Paragraph 23 of the Complaint singularly and in their entirety.

24. Defendant admits that Tom Willis gave Plaintiff Pantaleion permission to bring Plaintiff Ramirez's medication to her at work. Defendant further admits that Willis asked whether the two were living together. Defendant denies the remaining allegations in Paragraph 24 of the Complaint singularly and in their entirety.

25. Defendant lacks information and belief regarding any health condition of either Plaintiff. Defendant denies the remaining allegations in Paragraph 25 of the Complaint singularly and in their entirety.

26. Defendant denies the allegations in Paragraph 26 of the Complaint singularly and in their entirety.

27. Defendant admits that Plaintiff was terminated from his employment on or about April 2013 for a variety of violations, including sleeping while on duty. Defendant denies the remaining allegations in Paragraph 21 of the Complaint singularly and in their entirety.

28. Defendant denies the allegations in Paragraph 28 of the Complaint singularly and in their entirety.

**Facts Relating to Plaintiff Jessica Ramirez's Claims**

29. Defendant admits that it employs Jessica Ramirez as a security officer. Defendant denies the remaining allegations in Paragraph 29 of the Complaint singularly and in their entirety.

30. Defendant denies the allegations in Paragraph 30 of the Complaint singularly and in their entirety.

31. Defendant denies the allegations in Paragraph 31 of the Complaint singularly and in their entirety.

32. Defendant denies the allegations in Paragraph 32 of the Complaint singularly and in their entirety.

33. Defendant denies the allegations in Paragraph 33 of the Complaint singularly and in their entirety.

34. Defendant denies the allegations in Paragraph 34 of the Complaint singularly and in their entirety.

35. Defendant denies the allegations in Paragraph 35 of the Complaint singularly and in their entirety.

36. Defendant denies the allegations in Paragraph 36 of the Complaint singularly and in their entirety.

37. Defendant denies the allegations in Paragraph 37 of the Complaint singularly and in their entirety.

38. Defendant was never notified of any health conditions, and lacks information and belief regarding Plaintiff Ramirez's medical conditions. Defendant denies the allegations in Paragraph 38 of the Complaint singularly and in their entirety.

39. Defendant denies the allegations in Paragraph 39 of the Complaint singularly and in their entirety.

40. Defendant admits that it accommodates the disabilities of all of its employees. Defendant denies the allegations in Paragraph 40 of the Complaint singularly and in their entirety.

41. Defendant denies the allegations in Paragraph 41 of the Complaint singularly and in their entirety.

42. Defendant denies the allegations in Paragraph 42 of the Complaint singularly and in their entirety.

43. Defendant denies the allegations in Paragraph 43 of the Complaint singularly and in their entirety.

44. Defendant lacks information and belief regarding Plaintiff's medical condition, and on that basis Defendant denies the allegations in Paragraph 21 of the Complaint singularly and in their entirety.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

45. Defendant admits that, throughout her employment, Jessica Ramirez was allowed adequate breaks, and that it never interfered with her ability to check her blood sugar, eat, or take medication in any way. Defendant denies the remaining allegations in Paragraph 45 of the Complaint singularly and in their entirety.

46. Defendant denies the allegations in Paragraph 46 of the Complaint singularly and in their entirety.

47. Defendant denies the allegations in Paragraph 47 of the Complaint singularly and in their entirety.

48. Defendant denies the allegations in Paragraph 48 of the Complaint singularly and in their entirety.

49. Defendant denies the allegations in Paragraph 49 of the Complaint singularly and in their entirety.

50. Defendant denies the allegations in Paragraph 50 of the Complaint singularly and in their entirety.

51. Defendant denies the allegations in Paragraph 51 of the Complaint singularly and in their entirety.

52. Defendant denies the allegations in Paragraph 52 of the Complaint singularly and in their entirety.

53. Defendant denies the allegations in Paragraph 53 of the Complaint singularly and in their entirety.

54. Defendant denies the allegations in Paragraph 54 of the Complaint singularly and in their entirety.

55. Defendant denies the allegations in Paragraph 55 of the Complaint singularly and in their entirety.

56. Defendant denies the allegations in Paragraph 56 of the Complaint singularly and in their entirety.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

57. Defendant denies the allegations in Paragraph 57 of the Complaint singularly and in their entirety.

58. The statute speaks for itself. As this is not a factual allegation, Defendant can neither admit or deny.

59. The statute and case law speaks for itself. As this is not a factual allegation, Defendant can neither admit or deny.

60. The statute and case law speaks for itself. As this is not a factual allegation, Defendant can neither admit or deny.

61. Defendant denies the allegations in Paragraph 61 of the Complaint singularly and in their entirety.

62. Defendant denies the allegations in Paragraph 62 of the Complaint singularly and in their entirety.

63. Defendant denies the allegations in Paragraph 63 of the Complaint singularly and in their entirety.

64. Defendant denies the allegations in Paragraph 64 of the Complaint singularly and in their entirety.

65. Defendant denies the allegations in Paragraph 65 of the Complaint singularly and in their entirety.

66. Defendant denies the allegations in Paragraph 66 of the Complaint singularly and in their entirety.'

67. Defendant denies the allegations in Paragraph 67 of the Complaint singularly and in their entirety.

68. Defendant denies the allegations in Paragraph 68 of the Complaint singularly and in their entirety.

## SECOND CAUSE OF ACTION

69. Defendant denies the allegations in Paragraph 69 of the Complaint singularly and in

1  their entirety.

2  70. The statute speaks for itself. As this is not a factual allegation, Defendant cannot admit
3  or deny.

4  71. Defendant denies the allegations in Paragraph 71 of the Complaint singularly and in
5  their entirety.

6  72. Defendant denies the allegations in Paragraph 72 of the Complaint singularly and in
7  their entirety.

8  73. Defendant denies the allegations in Paragraph 73 of the Complaint singularly and in
9  their entirety.

10  74. Defendant denies the allegations in Paragraph 74 of the Complaint singularly and in
11  their entirety.

12  **THIRD CAUSE OF ACTION**

13  75. Defendant denies the allegations in Paragraph 75 of the Complaint singularly and in
14  their entirety.

15  76. The statute speaks for itself.  As this is not a factual allegation, Defendant can neither
16  admit nor deny.

17  77. Defendant denies the allegations in Paragraph 77 of the Complaint singularly and in
18  their entirety.

19  78. Defendant denies the allegations in Paragraph 78 of the Complaint singularly and in
20  their entirety.

21  79. Defendant denies the allegations in Paragraph 79 of the Complaint singularly and in
22  their entirety.

23  80. Defendant denies the allegations in Paragraph 80 of the Complaint singularly and in
24  their entirety.

25  81. Defendant denies the allegations in Paragraph 81 of the Complaint singularly and in
26  their entirety.

27  82. Defendant denies the allegations in Paragraph 82 of the Complaint singularly and in
28  their entirety.

**FOURTH CAUSE OF ACTION**

83. Defendant denies the allegations in Paragraph 83 of the Complaint singularly and in their entirety.

84. The statute speaks for itself. As this is not a factual allegation, Defendant can neither admit nor deny.

85. Defendant denies the allegations in Paragraph 85 of the Complaint singularly and in their entirety.

86. Defendant denies the allegations in Paragraph 86 of the Complaint singularly and in their entirety.

87. Defendant denies the allegations in Paragraph 87 of the Complaint singularly and in their entirety.

88. Defendant denies the allegations in Paragraph 88 of the Complaint singularly and in their entirety.

89. Defendant denies the allegations in Paragraph 89 of the Complaint singularly and in their entirety.

90. Defendant denies the allegations in Paragraph 90 of the Complaint singularly and in their entirety.

91. Defendant denies the allegations in Paragraph 91 of the Complaint singularly and in their entirety.

**FIFTH CAUSE OF ACTION**

92. Defendant denies the allegations in Paragraph 57 of the Complaint singularly and in their entirety.

93. As this is not a factual allegation, Defendant can neither admit nor deny.

94. Defendant denies the allegations in Paragraph 94 of the Complaint singularly and in their entirety.

95. Defendant denies the allegations in Paragraph 95 of the Complaint singularly and in their entirety.

96. Defendant denies the allegations in Paragraph 96 of the Complaint singularly and in

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

9
ANSWER TO PLAINTIFFS' COMPLAINT

1 their entirety.

2     97.    Defendant denies the allegations in Paragraph 97 of the Complaint singularly and in their entirety.

## SIXTH CAUSE OF ACTION

98. Defendant denies the allegations in Paragraph 98 of the Complaint singularly and in their entirety.

99. As this is not a factual allegation, Defendant can neither admit nor deny.

100. Defendant denies the allegations in Paragraph 100 of the Complaint singularly and in their entirety.

101. As this is not a factual allegation, Defendant can neither admit nor deny.

102. Defendant denies the allegations in Paragraph 102 of the Complaint singularly and in their entirety.

103. Defendant denies the allegations in Paragraph 103 of the Complaint singularly and in their entirety.

104. Defendant denies the allegations in Paragraph 104 of the Complaint singularly and in their entirety.

## SEVENTH CAUSE OF ACTION

105. Defendant denies the allegations in Paragraph 57 of the Complaint singularly and in their entirety.

106. Admitted.

107. The statute speaks for itself. As this is not a factual allegation, Defendant can neither admit nor deny.

108. Defendant denies the allegations in Paragraph 108 of the Complaint singularly and in their entirety.

109. Defendant denies the allegations in Paragraph 109 of the Complaint singularly and in their entirety.

110. The statute speaks for itself. As this is not a factual allegation, Defendant cannot admit or deny.

111. The statute speaks for itself. As this is not a factual allegation, Defendant cannot admit or deny.

112. Defendant denies the allegations in Paragraph 112 of the Complaint singularly and in their entirety.

113. The statute speaks for itself. As this is not a factual allegation, Defendant cannot admit or deny.

114. The statute speaks for itself. As this is not a factual allegation, Defendant cannot admit or deny.

115. The statute speaks for itself. As this is not a factual allegation, Defendant cannot admit or deny. Defendant denies the remaining allegations in Paragraph 115 of the Complaint, singularly and in their entirety.

116. Defendant denies the allegations in Paragraph 116 of the Complaint singularly and in their entirety.

117. The statute speaks for itself. As this is not a factual allegation, Defendant cannot admit or deny.

118. Defendant denies the allegations in Paragraph 118 of the Complaint singularly and in their entirety.

119. The statute speaks for itself, as this is not a factual allegation, Defendant cannot admit or deny.

120. As this is not a factual allegation, Defendant cannot admit or deny.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Causation)

121. As a first affirmative defense, Defendant alleges that any damages Plaintiff may have suffered were caused solely or in part by persons, firms, corporations or entities other than Defendant and not by an act or omission for which Defendant may be held legally or equitably responsible.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

122. As a second affirmative defense, Defendant alleges that the Complaint and each purported cause of action contained therein is barred, or that damages must be reduced, because Plaintiffs have failed to mitigate their damages.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

123. As a third affirmative defense, Defendant alleges on information and belief that the Complaint and each purported cause of action contained therein is barred under the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Knowledge)**

124. As a fourth affirmative defense, Defendant alleges that the Complaint and each purported cause of action contained therein is barred because the conduct alleged Plaintiffs was not engaged in by a supervisor employed by Defendant, and Defendant had no knowledge of the alleged conduct.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Avoid Harm)**

125. As a fifth affirmative defense, Defendant alleges that the Complaint and each purported cause of action contained therein is barred or limited because Plaintiffs unreasonably failed to avail themselves of opportunities in the form of Defendant's complaint procedure to avoid the harm that is the subject of her Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Purpose)**

126. As a sixth affirmative defense, Defendant alleges that the Complaint and each

purported cause of action contained therein is barred because any decisions or actions taken concerning Plaintiffs' employment were made or taken for legitimate business purposes.

### SEVENTH AFFIRMATIVE DEFENSE

### (Offset to Back Pay)

127. As a seventh affirmative defense, Defendant alleges, without admitting liability, that if Plaintiffs are entitled to any recovery, such recovery must be offset for any and all interim earnings.

### EIGHTH AFFIRMATIVE DEFENSE

### (Offset From Wage Replacement)

128. As an eighth affirmative defense, Defendant alleges, without admitting liability, that if the Plaintiffs are entitled to any recovery, such recovery must be offset for any wage replacement benefits, including, but not limited to, unemployment insurance benefits, disability benefits, workers compensation benefits, or any other benefit received as a replacement for wages.

### NINTH AFFIRMATIVE DEFENSE

### (Constitutionality of Punitive Damages)

129. As a ninth affirmative defense, Defendant alleges that the punitive damages sought by Plaintiffs are unconstitutional because the conduct alleged does not support an award of punitive damages against Defendant.

### TENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

130. As a tenth affirmative defense, Defendant alleges that Plaintiffs' claims are limited by the doctrine of avoidable consequences.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

131. As an eleventh affirmative defense, Defendant alleges that the Complaint and each purported cause of action contained therein is barred under the applicable statutes of limitation.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

13
ANSWER TO PLAINTIFFS' COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

### (Exhaustion of Administrative Remedies)

132. As a twelfth affirmative defense, Defendant alleges that the Complaint and each purported cause of action contained therein is barred because Plaintiffs have failed to exhaust prerequisite administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Immigration Status Precludes Back Pay)

133. As a thirteenth affirmative defense, Plaintiffs are barred from the recovery of back pay and/or reinstatement because Defendant is informed and believes that at all operative times, Plaintiffs lacked authorization to work in the United States.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Particularity)

1. As a fourteenth affirmative defense, Defendant alleges that Plaintiffs have failed to plead their claims with sufficient particularity to enable Defendant to allege all appropriate affirmative defenses and therefore Defendant reserves the right to allege additional affirmative defenses as needed.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiffs take nothing by way of the Complaint and that judgment be entered in favor of Defendant;
2. For costs incurred herein;
3. For an award of attorney's fees and costs as provided by statute; and
4. For such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated:  September 10, 2013 | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |

By: _____/s/ Anthony Raimondo_____
Anthony Raimondo
Attorneys for Defendant GEIL ENTERPRISES, INC.

30585-00005 2672191.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

15
ANSWER TO PLAINTIFFS' COMPLAINT